IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MONTGOMERY CARL AKERS, 02866-081,**

Petitioner,

vs.                                                                  NO. 13-cv-375-DRH

**J. S. WALTON,**

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is now before the Court on Petitioner's writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2241 on April 17, 2013. Petitioner seeks to challenge his November 2006 conviction and sentence in the United States District Court of Kansas, arguing that he was not indicted by a properly authorized and constituted grand jury (Doc. 1, pp. 4, 8). *See United States v. Akers*, Case No. 04-cr-20089 (D. Kan.). This is not the first time Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court.[1] This is also not the first time Petitioner has claimed that he was improperly indicted.[2] Consistent with this Court's order dismissing *Akers v.*

---

[1] Petitioner previously filed two petitions under 28 U.S.C. § 2241 in this Court, both of which were denied. *See Akers v. Hollingsworth*, Case No. 11-cv-00103-DRH (S.D. Ill. Feb. 7, 2011); *see also Akers v. Roal-Werner*, Case No. 12-cv-01037-DRH (S.D. Ill. Sept. 27, 2012).

[2] *See Akers v. Roal-Werner*, Case No. 12-cv-01037-DRH (S.D. Ill. Sept. 27, 2012).

*Roal-Werner*[3] and for the reasons set forth herein, the petition shall be **DISMISSED**.

Petitioner pled guilty to one count of wire fraud in the United States District Court of Kansas. *See United States v. Akers*, Case No. 04-cr-20089 (D. Kan.). In November 2006, he was sentenced to 327 months in prison (*Id.*, Doc. 208). Petitioner is currently serving his sentence in the Federal Correctional Institution in Marion, Illinois.

In post-trial motions filed with the sentencing court, Petitioner raised numerous challenges to his plea and conviction. The sentencing court rejected these motions on the merits (*Id.*, Docs. 201, 321). Petitioner's conviction was affirmed on appeal. *United States v. Akers*, 261 F. App'x 110 (10th Cir. 2008).

On April 29, 2009, Petitioner filed a motion under 28 U.S.C. § 2255 ("§ 2255 motion") to vacate, set aside, or correct sentence (*United States v. Akers*, Case No. 04-cr-20089 (D. Kan.), Doc. 308). In the § 2255 motion, Petitioner claimed ineffective assistance of counsel and fraud on the court (*Id.*). He did not raise the improper indictment claim in the motion. The United States District Court of Kansas denied the § 2255 motion on its merits (*Id.*, Doc. 321).

Petitioner subsequently filed two petitions under 28 U.S.C. § 2241 with this Court, both of which were denied. *Akers v. Hollingsworth*, Case No. 11-cv-00103-DRH (S.D. Ill. Feb. 7, 2011); *Akers v. Roal-Werner*, Case No. 12-cv-01037-DRH (S.D. Ill. Sept. 27, 2012). In one, Petitioner challenged his conviction and sentence on multiple grounds, including his claim that he was improperly

---

[3] *See id.*, Doc. 9.

indicted (*Akers v. Roal-Werner*, Case No. 12-cv-01037-DRH (S.D. Ill. Sept. 27, 2012), Doc. 1, p. 8). This Court dismissed the petition on the merits with prejudice. Petitioner appealed the decision, and the Court of Appeals affirmed. *Akers v. Roal-Warner*, Case No. 12-3485 (7th Cir. 2013).

In the instant petition, Petitioner again challenges his federal conviction and sentence (Doc. 1). Petitioner again claims that he was not properly indicted (Doc. 1, pp. 4, 8). Petitioner also contends that the Court never reached the merits of this particular claim in his previous actions (Doc. 1, p. 3).

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). In this present petition, Petitioner does not challenge the circumstances of his confinement. Rather, he challenges the validity of his conviction and sentence. Despite his attempt to cast his pleading as a § 2241 claim, the petition clearly involves a collateral attack on his federal sentence.

Ordinarily, a person may challenge his federal conviction only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. A petition filed under 28 U.S.C. § 2241 by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua*

*v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski*, 13 F.3d at 1080 (A "prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner previously pursued relief under 28 U.S.C. § 2255. He failed to raise this claim in his § 2255 motion. He is now barred from pursuing further relief under that section, unless he first obtains permission from the Court of Appeals to bring a second or successive motion or his case presents one of the few circumstances in which petitioners may seek collateral relief under 28 U.S.C. § 2241. *Gray-Bey v. United States*, 209 F.3d 986, 988-90 (7th Cir. 2000); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).

The fact that Petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d at 609-10 (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). In *Davenport*, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactively by the

Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id.* at 611-12.

Petitioner has provided no explanation as to why he had no opportunity to raise this claim in his § 2255 motion.  In addition, Petitioner clearly fails the first prong of *In re Davenport*, as he does not identify any change in the law, much less any retroactive change as the basis for his claim.  It appears that § 2255 was neither inadequate nor ineffective to test the validity of Petitioner's conviction and sentence.  Consistent with *In re Davenport*, Petitioner cannot raise this claim through a § 2241 petition and thereby avoid the procedural limitations and requirements attendant to § 2255 motions.  *Davenport*, 147 F.3d 605 (7th Cir. 1998).  It is also not appropriate to raise the issue in successive § 2241 petitions.  Accordingly, the petition shall be dismissed with prejudice.

## Pending Motions

Petitioner has moved for leave to proceed *in forma pauperis* ("IFP") in this matter, asserting that he is unable to pay the $5.00 habeas filing fee (Doc. 2).  He has also submitted his prison trust fund statement showing he has a negative balance (Docs. 5-6).  However, Petitioner's pleadings in other actions he has filed in this Court indicate that he possesses bank funds and other property in an undetermined amount and reveal that he possesses financial resources adequate to retain legal counsel and manage his property interests (*See e.g.*, *Akers v. Roal*,

Case No. 11-cv-622 (S.D. Ill. July 20, 2011), Doc. 2, p. 2). Further, Petitioner is now subject to an order by the Seventh Circuit that any documents he submits for filing in a civil case shall be returned to him unfiled until he pays all outstanding fees (Doc. 38 in S.D. Ill. Case No. 11-cv-622-MJR, Aug. 13, 2012; Doc. 14 in Appeal No. 11-3268, April 24, 2012). The total amount of fees that Petitioner owes this Court is $1,720.00 and he has yet to pay anything toward this amount.

While the filing ban does not extend to habeas actions such as the instant case, Petitioner's exhibits as well as the record in Case Nos. 12-cv-1037 and 11-cv-622 indicate that granting him leave to proceed IFP in this matter is not appropriate. Therefore, Petitioner's motion for leave to proceed IFP (Doc. 2) is **DENIED.**

## Disposition

**IT IS HEREBY ORDERED** that this action is summarily **DISMISSED** on the merits with prejudice.

**IT IS FURTHER ORDERED** that, consistent with the order of the Court of Appeals for the Seventh Circuit, until Petitioner has paid in full all outstanding fees in the district court and in the appellate court (which now includes the fee for this action and totals $1,725.00), the clerks of all federal courts in the circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of

Petitioner. The ban on filing does not apply to criminal cases or petitions challenging the terms of his confinement.

**IT IS SO ORDERED.**

Signed this 10th day of May, 2013.

Digitally signed by David R. Herndon
Date: 2013.05.10 15:22:33 -05'00'

**Chief Judge
United States District Court**